UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JAN 1 5 2019

| | |
|---|---|
| Pension Benefit Guaranty Corporation, | |
| Plaintiff, | |
| —v— | |
| Booke & Company, Inc. as Plan Administrator of the Booke & Company Pension Plan, | |
| Defendants. | |

18-cv-1409 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff, the Pension Benefit Guaranty Corporation ("PBGC"), brought suit under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301 *et seq.* Plaintiff seeks several orders from this Court regarding the termination of a pension plan ("the Plan") managed by Defendant. For the reasons given below, the Court grants Plaintiff's requests in full.

## I.   Background

Plaintiff PBGC is a wholly-owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the pension plan termination insurance program created by Title IV of ERISA. When an underfunded pension plan terminates, PBGC ensures payment of statutorily guaranteed pension benefits to plan participants and their beneficiaries. *See* 29 U.S.C. § 1302(a)(2). Defendant, Booke & Company Inc. ("Booke & Co.") is the Plan Administrator of the plan at issue here. Defendant was a financial consulting firm headquartered in New York. Compl. at 2. Defendant ceased all business operations by November 30, 2014, after the company owner became ill and retired. *Id.* at 3.

1

Plaintiff filed suit on February 16, 2018. *Id.* at 1. Plaintiff attempted to serve Defendant at the last known business address of Booke & Co. listed on the New York State Corporation Database, but neither the company nor its registered agent were still tenants. Affidavit of Hannah Kaplan ("Kaplan Aff."), Dkt. 18, at 1. The company is listed as "INACTIVE – Dissolution by Proclamation / Annulment of Authority (Apr. 25, 2012)" on the New York State Corporation Database. *Id.* Stephen Booke, the owner of Booke & Co., is still listed as the registered agent, but no long resides at the home address listened in the State database. *Id.* at 2. Therefore, Plaintiff served the summons on the Authorized Agent in the Office of the Secretary of State. *Id.* Defendant never answered and Plaintiff represents that Mr. Booke is now deceased. Pl. Letter, Dkt. 23, at 1. Plaintiff filed for and received a Certificate of Default from the Clerk of Court by April 27, 2018. Kaplan Aff. at 2. Plaintiff filed for default judgment on May 25, 2018. Dkt. 16.

## II. Legal Standard

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.* at 128.

A determination that entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Phillips v. Pizza*, No. 17-CV-6112 (JPO), 2018 WL 2192189, at *1 (S.D.N.Y. May 14, 2018) (citing *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp.3d 336, 344 (S.D.N.Y. 2014)). Once a party is in default, "the court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor." *Id.* Nonetheless, a party does not admit

conclusions of law simply by defaulting, and a court must therefore "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Belizaire v.*, 61 F. Supp. 3d at 344 (alterations in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

### III. Analysis

Plaintiff seeks an order: (i) terminating the Booke & Company Pension Plan; (ii) appointing PBGC as statutory trustee of the Plan; (iii) establishing November 30, 2014, as the termination date for the Plan; and (iv) directing the Defendant, or any other person or entity having possession, custody, or control of any of the records, assets, or other property of the Plan, to transfer, convey, and deliver all such records, assets and property to PBGC. Compl. at 1.

### a. Plaintiff's Request for Termination of the Plan Is Granted

Plaintiff is entitled to an order terminating the Plan. A district court may issue a decree adjudicating that a plan has been terminated "in order to protect the interests of the participants[.]" 29 U.S.C. § 1342(c)(1). PBGC has made a formal determination that termination is necessary to protect the interests of plan participants. Compl. ¶ 19; Compl. Ex. 1. Plaintiff has also alleged that at least one plan participant is not currently receiving benefits that she is owed and will not be able to do so until the plan is terminated. Pl. Let. at 1. This is sufficient to warrant court termination of a plan to protect the interests of plan participants. *See Pension Ben. Guar. Corp. v. Nastasi White, Inc.*, 476 F. Supp.2d 228, 229 (E.D.N.Y. 2007). Therefore, the Court orders the Plan terminated under 29 U.S.C. § 1342(c)(1).

### b. Plaintiff Is Appointed Trustee of the Plan

Plaintiff warrants appointment as trustee of the Plan. "If a covered pension plan terminates without sufficient funds to pay benefits, PBGC generally becomes trustee of the plan under 29 U.S.C. § 1342(c)." *Shanbaum v. U.S.*, 32 F.3d 180, 181 n.1 (5th Cir. 1994); *see also* 29 U.S.C. § 1342(b)(1). In this case, Plaintiff alleges that the Plan is underfunded, Compl. ¶¶ 10, 15-16, and that it is "ready, willing, and able" to serve as trustee, *id.* ¶ 23. This is sufficient to warrant PBGC's appointment as trustee. *See Pension Benefit Guar. Corp. v. Wilmington*

*Printing Co.*, No. 7:09-CV-00054(BR), 2009 WL 10705648, at *2 (E.D.N.C. July 27, 2009).
Therefore, the Court appoints Plaintiff trustee of the Plan.

### c. The Court Establishes November 30, 2014, as the Plan Termination Date

Because the plan administrator is unavailable, the Court will set the Plan termination
date. In normal circumstances, the termination date of a plan is established by PBGC and the
plan administrator. *See Nastasi White, Inc.*, 476 F. Supp.2d at 229-30. However, if "the plan
administrator is unavailable" and "no agreement has been reached" then "the court must
determine the date of termination." *Id.* (citing 29 U.S.C. § 1348(a)(4)). In this case, Plaintiff has
sufficiently alleged that the Plan administrator is unavailable. Compl. ¶ 17. Therefore, the Court
will determine the appropriate termination date. The Second Circuit has provided a two-factor
test for this determination: "the expectations of participants and the financial implications of
termination for PBGC." *In re Pension Plan for Employees of Broadway Maintenance Corp.*, 707
F.2d 647, 652 (2d Cir.1983). The Court will address each factor in turn.

As to the first factor, the expectations of plan participants, the Court finds that by
November 30, 2014, participants had constructive notice of the plan's termination. In assessing
this factor, a court looks to: "the earliest date when the Plan's participants had actual or
constructive notice of the Plan's termination, *i.e.*, notice sufficient to extinguish their reliance
interest." *Id.* at 652-53 (internal citation omitted). Plaintiff alleges that all of Booke & Co.'s
operations had ceased by November 30, 2014. Compl. ¶ 21. As of this date, Plaintiff contends,
plan participants could no longer justifiably expect that the plan would continue. *Id.* The Court
agrees. Cessation of operations is sufficient to constitute constructive notice of plan termination.
*See Nastasi White, Inc.*, 476 F. Supp.2d at 229–30. The Court therefore finds that by November
30, 2014, plan participants had sufficient constructive notice.

As to the second factor, November 30, 2014, best serves the financial interests of
Plaintiff. In assessing this factor, a court will "select whatever later date serves the interests of
PBGC." *Broadway Maint.*, 707 F.2d at 653. Plaintiff has proposed November 30, 2014, as
termination date, and a court is "entitled to conclude that this date adequately serves the interests

of PBGC." *Id.* at 653. Therefore, the second factor favors finding November 30, 2014, as the termination date.

Because both of the *Broadway Maintenance* factors support setting November 30, 2014, as the termination date, the Court hereby determines that the Plan terminated on that date.

### d. Defendant's Assets Shall Be Transferred to Plaintiff

Finally, Plaintiff requests that Defendant, or any other person or entity having possession, custody, or control of any of the records, assets, or other property of the Plan, be ordered to transfer, convey, and deliver all such records, assets and property to PBGC. "A trustee appointed under 29 U.S.C. § 1342(b) has the power 'to require the transfer of all (or any part) of the assets and records of the plan to himself as trustee[.]'" *Nastasi White, Inc.*, 476 F. Supp. 2d at 230 (quoting 29 U.S.C. § 1342(d)(1)(A)(ii)). Therefore, because the Court has appointed Plaintiff as trustee of the Plan, Plaintiff is entitled to an order requiring transfer of all assets, records, and other property of the Plan, either from Defendants or any other person or entity. The Court therefore grants this order.

## IV. Conclusion

For the reasons given above, the Court hereby HOLDS that:

1. The Plan is hereby terminated pursuant to 29 U.S.C. § 1342(c);

2. Plaintiff is hereby appointed statutory trustee of the Plan pursuant to 29 U.S.C. § 1342(c);

3. November 30, 2014, is hereby established as the termination date of the Plan pursuant to 29 U.S.C. § 1348(a)(4); and

4. Booke & Co., and any other person or entity having possession, custody, or control of any records, assets, documents, or other property of the Plan, shall transfer, convey, and deliver all such records, assets, and property to PBGC pursuant to 29 U.S.C. § 1342(d)(1).

This resolves docket item number 16. The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: January 14, 2019
New York, New York

ALISON J. NATHAN
United States District Judge